UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. K. SCRIBNER, Warden,<br><br>　　　　　Respondent. | 1:05-CV-1379 AWI LJO HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>[Doc. #7]<br><br>ORDER DISMISSING GROUND FOR RELIEF FROM PETITION FOR WRIT OF HABEAS CORPUS<br>[Doc. #1]<br><br>ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　On February 15, 2006, the Magistrate Judge issued Findings and Recommendation that recommended Ground Two of the petition be DISMISSED for failure to state a cognizable federal claim. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

　　On February 23, 2006, Petitioner filed objections to the Findings and Recommendation.

　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*

*novo* review of the case. In his objections, Petitioner contends that Ground Two does raise a cognizable federal claim, because he is being housed in such a manner as to deny him the ability to earn good time and work time credits against his sentence. Petitioner arguments are not persuasive. Petitioner states in Ground One that he is currently being housed in the Secured Housing Unit ("SHU"). Because of this placement, he states he is unable to earn good time and work time credits. This claim may be a valid claim because it affects the duration of his sentence. Although Ground Two suffers from a lack of clarity, it appears that Petitioner challenges a future action by the California Department of Corrections ("CDC"). Petitioner states he has been presented with two options by the CDC: 1) Return to placement in general population; or 2) Be placed in the Sensitive Needs Yard ("SNY"). As discussed by the Magistrate Judge, this claim is not cognizable in a habeas action because it challenges the manner and conditions of Petitioner's confinement. To the extent Petitioner claims he cannot earn good time credits, the claim is not ripe for review. Petitioner has been presented only with an *option*. It is possible that Petitioner may be subjected to a denial of the ability to earn credits due to his choice, but this is a *future possibility*. In addition, one of these options, general population, would allow Petitioner to earn credits against his sentence.

Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued February 15, 2006, is ADOPTED IN FULL;

2. Ground Two of the Petition for Writ of Habeas Corpus is DISMISSED; and

3. The matter is REFERRED back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   March 21, 2006**          /s/ **Anthony W. Ishii**
0m8i78                               UNITED STATES DISTRICT JUDGE