UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYAN E. RANSOM, | ) | 1:05-CV-01379 AWI LJO HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| A. K. SCRIBNER, Warden, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial on July 16, 1996, of second degree robbery and petty theft with a prior in violation of Cal. Penal Code §§ 211, 666. See Exhibit A, Respondent's Answer to Petition (hereinafter "Answer"). Petitioner was sentenced to an indeterminate term of 35 years to life. Id.

On November 1, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims his placement in the Secured Housing Unit ("SHU") violates his due

process rights under the 14th Amendment to the Constitution. On July 10, 2006, Respondent filed an answer to the petition. Respondent contends the petition was filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Respondent further contends Petitioner has procedurally defaulted on his claims and that the Court lacks subject matter jurisdiction to hear the claims. Lastly, Respondent claims the petition is without merit. Petitioner did not file a traverse.

**DISCUSSION**

A.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 1, 2005, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the limitations period commenced on the date Petitioner discovered the factual predicate of his claims. 28 U.S.C. § 2244(d)(1)(D). Since Petitioner is challenging his placement in the SHU, the relevant date is January 10, 2002, when the Departmental Review Board ("DRB") approved Petitioner's transfer from California State Prison, Sacramento, to the SHU at Corcoran State Prison. See Exhibit B, Answer; see also Cal. Code Regs. tit. 15, § 3376.1 (DRB decision serves as Director's Level decision and is not appealable). Pursuant to § 2244(d), Petitioner had one year until January 10, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until November 1, 2005, nearly 3 years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

     1. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Chavis v. Evans, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Petitioner filed one post-conviction collateral challenges with respect to the pertinent judgment or claim in the state courts, to wit, a habeas petition in the California Supreme Court. Nevertheless, the petition does not toll the limitations period because it was not filed until

November 29, 2004, over 22 months after the limitations period had already expired. As noted by Respondent, Petitioner did file petitions with the Kings County Superior Court and the California Court of Appeal; however, these petitions concerned an April 2003 decision and not the January 2002 decision. Therefore, Petitioner is not entitled to any statutory tolling.

    2. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[1] Pace, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Assuming it is available, Petitioner is not entitled to equitable tolling because he makes no argument he should be granted equitable tolling, and this Court can find no reason why the petition should be equitably tolled. Accordingly, the petition remains untimely.

B. Procedural Default

Respondent further contends Petitioner has procedurally defaulted his claimed. The California Supreme Court denied the habeas petition with citation to In re Clark, 5 Cal.4th 750 (1993) and In re Miller, 17 Cal.2d 734 (1941). Respondent contends the citation to Clark signals a California court's refusal to hear the merits of a petition based on the petitioner's failure to present claims in a timely fashion. Respondent alleges the citation to Miller signals the court's refusal to review the merits of a successive petition absent a change in the law or facts.

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). This doctrine

---

[1] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n. 8.

of procedural default is based on the concerns of comity and federalism. Id., at 730-32.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

In addition, the state law ground must be independent of federal law. "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704, *citing* Michigan v. Long, 463 U.S. 1032, 1040-41 (1983); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996), *quoting* Coleman, 501 U.S. at 735 ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'") "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000), *quoting* Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

In Bennett v. Mueller, the Ninth Circuit found that California's untimeliness rule was independent after In re Robbins, 18 Cal.4th 770, 780, 77 Cal.Rptr2d 153 (Cal. 1998); see Bennett v. Mueller, 322 F.3d 573, 581-83 (9th Cir. 2003).

Also, a federal court may only impose a procedural bar on claims if the procedural rule that the state used is adequate to support the judgment. To be adequate, "the state's legal grounds for its decision must be firmly established and consistently applied." King v. LaMarque, ___ F.3d ___, 2006 WL 2684539 *1 (9th Cir. 2006), *citing* Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003). To be firmly established and consistently applied, the rule must be clear and certain. King, 2006 WL 2684539 *1, *citing* Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002); see also Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997) (The state procedural rule used must be clear, consistently applied, and well-established at the time of the petitioner's purported default). While the ultimate burden of proving adequacy rests with the respondent, the petitioner must place the state's affirmative defense of independent and adequate state procedural grounds at issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure." Id. In this case,

U.S. District Court
E. D. California        cd                                        5

Respondent has asserted a procedural bar; however, Petitioner has not placed the affirmative defense at issue. Therefore, the procedural bar is both independent and adequate.

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park, 202 F.3d at 1150.  Petitioner has not done so.

Accordingly, the petition must be dismissed as procedurally barred.

C.  Subject Matter Jurisdiction

Respondent further contends the Court is without subject matter jurisdiction to hear the petition. Respondent alleges the petition concerns the conditions of Petitioner's confinement and is therefore appropriately brought in a civil rights complaint.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims he has been unlawfully placed in the SHU. He does not allege a loss of time credits or anything else that would affect the duration of his confinement. Thus, Respondent is correct in arguing that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as procedurally barred, violating the limitations period, and for failure to allege grounds that would entitle Petitioner to habeas corpus relief. .

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 21, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                               UNITED STATES MAGISTRATE JUDGE