# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Petitioner,<br><br>    v.<br><br>A. K. SCRIBNER, Warden,<br><br>        Respondent. | 1:05-CV-01379 AWI LJO HC<br><br>ORDER CONSTRUING MOTION FOR LEAVE TO FILE TRAVERSE AND TRAVERSE AS OBJECTIONS<br>[Docs. #16, 17, 18, 19]<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART<br>[Doc. #15]<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br>[Doc. #1]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On October 23, 2006, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED with prejudice for violation of the statute of limitations, for procedural default, and for lack of subject matter jurisdiction. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

    On November 13, 2006, Petitioner filed a motion for leave to file a traverse. As the time for filing a traverse has passed and because Petitioner addresses the Findings and Recommendation of the Magistrate Judge, the Court hereby CONSTRUES Petitioner's motion and the lodged traverse as

1  his objections to the Findings and Recommendation.

2       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*
3  *novo* review of the case.  Having carefully reviewed the entire file and having considered the
4  objections, the Court agrees with the Magistrate Judge's Findings and Recommendation in part.

5       Petitioner first objects to the Magistrate Judge's finding that his petition is untimely.
6  Petitioner disagrees that the limitations period commenced when the Departmental Review Board
7  ("DRB") approved his transfer from California State Prison, Sacramento, to the SHU at Corcoran
8  State Prison. He argues the period restarted every time the classification committee met and
9  determined Petitioner would be retained in the SHU, the latest date being April 22, 2004. Petitioner's
10 arguments are without merit. As correctly determined by the Magistrate Judge, the limitations period
11 commenced when Petitioner discovered the factual predicate of his claim. <u>See</u> 28 U.S.C.
12 § 2244(d)(1)(D). In the instant case, the factual predicate of his claim was his placement in the SHU.
13 This placement caused the loss of his ability to earn good time credits. Therefore, the Magistrate
14 Judge correctly concluded the limitations period commenced on January 10, 2002, when the DRB
15 approved Petitioner's transfer to the SHU. It expired one year later on January 10, 2003. The instant
16 petition, filed on November 1, 2005, is untimely by nearly three years and must be dismissed.

17      Petitioner argues he should be granted equitable tolling for the time his state habeas petitions
18 were pending. Respondent argued that Petitioner only filed one habeas petition in state court. This
19 was a habeas petition filed on November 29, 2004, in the California Supreme Court. Respondent
20 lodged a copy of the petition with this Court. Based on this submission, the Magistrate Judge found
21 Petitioner was not entitled to equitable tolling because the limitations period had already expired
22 over 22 months earlier. In his objections, Petitioner claims he also filed a habeas petition in the
23 Kings County Superior Court on April 28, 2004, which was denied on May 7, 2004. He claims he
24 then filed a habeas petition with the California Court of Appeals on June 2, 2004, which was denied
25 on November 5, 2004. He does not submit copies of these petitions or of the state court decisions.
26 However, the Court has confirmed through the California Court of Appeals website that Petitioner
27 did file a habeas petition on June 2, 2004, which was denied on November 5, 2004. <u>See</u> <u>In re Bryan</u>
28 <u>E. Ransom on Habeas Corpus</u>, Case No. F045635.  It is unclear why Respondent did not address

these two petitions and submit copies of them, since they appear to be relevant. In any case, their existence does not aid Petitioner. The first state petition was not filed until April 28, 2004, and the limitations period had already expired fifteen months earlier on January 20, 2003.

      Petitioner next argues he did not procedurally default his claims. He contends the state court decisions which found his petitions to be untimely and successive were erroneous. He claims the decisions were therefore inadequate to support the judgment. Nevertheless, the inquiry is not whether the underlying state court decision was correct but whether the state procedural rule utilized by the state court was "firmly established and consistently applied." King v. LaMarque, 464 F.3d 963, 965 (9th Cir.2006), *citing* Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir.2003). Here, Petitioner does not assert any specific factual allegations that would demonstrate the inadequacy of the state procedural rules. King, 464 F.3d at 967. In addition, Petitioner has not demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice. Thus, the Magistrate Judge properly found Petitioner had procedurally defaulted his claims.

      Lastly, Petitioner argues the Court has subject matter jurisdiction to consider the petition. Petitioner argues his claim does not concern the conditions of his confinement, but centers on a loss of his ability to earn good time credits. Petitioner's arguments are persuasive. His claim does challenge the denial of his ability to earn good time credits. Therefore, the Court has subject matter jurisdiction.

      Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to file a traverse and his traverse are CONSTRUED as Petitioner's objections to the Findings and Recommendation;

2. The Findings and Recommendation issued October 23, 2006, is ADOPTED IN PART;

3. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   December 12, 2006**            **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE