UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYAN E. RANSOM, | ) | 1:05-CV-01379 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | [Doc. #23] |
| A.K. SCRIBNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 12, 2006, the undersigned issued an order adopting the Magistrate Judge's Finding and Recommendation, denied the petition and entered judgment for Respondent. On December 21, 2006, Petitioner filed a motion for reconsideration.

**DISCUSSION**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116

(D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment. Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).

In his motion for reconsideration, Petitioner appears to contend that he is entitled to longer tolling of the limitation period because Petitioner's claims were pending in several civil rights actions brought under 28 U.S.C. § 1983. A motion for reconsideration is not the proper avenue for raising legal theories that could have been, but were not, raised before the court issued the order for which reconsideration is sought. Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 59 F.3d 902, 912 (9th Cir.1995).; In re Agric. Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir.1990). Regardless, there is no authority for the proposition that a civil rights action can serve to equitably toll the statute of limitations in a habeas corpus action. Even if it could, the court cannot find tolling in this action because too little information is provided for the court to determine that Petitioner had no way to proceed with his habeas corpus petitions until the civil rights case was resolved.

///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:**    **February 10, 2007**          **/s/ Anthony W. Ishii**
0m8i78                                      UNITED STATES DISTRICT JUDGE