# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,           | CV F   05-1379 AWI LJO HC |
|     Petitioner, | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| A.K. SCRIBNER, Warden, | |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 23, 2006, the court adopted the Magistrate Judge's Findings and Recommendations and, denied Petitioner's petition for writ of habeas corpus, and entered judgment was entered in favor of Respondent.  On December 12, 2006, Petitioner filed a motion for reconsideration, which the court denied on February 12, 2007.

On February 12, 2007, Petitioner filed a notice of appeal.  Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the

> circuit in which the proceeding is held.
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   Slack, 529 U.S. at 484-85 (2000).

In this case, the court finds that jurists of reason would not disagree with the court's finding that Petitioner violated 28 U.S.C. § 2244(d)'s one year statute of limitations.    Petitioner is clearly not entitled to tolling pursuant to 28 U.S.C. § 2244(d)(2) because Petitioner's state petitions were not timely filed under California law.   In addition reasonable jurists would not disagree with the court's finding that Petitioner is not entitled to tolling for the time his civil rights complaints were pending.

In addition, Petitioner did not timely file his notice of appeal.   The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Here, the time limit for filing a notice of appeal following entry of an order is thirty days. See Fed. R.App. P. 4(a). Petitioner's notice of appeal in this action was filed more than

1  thirty days after entry of the order petitioner seeks to appeal, even if the time during which the
2  request for reconsideration was pending is not counted. The Ninth Circuit has held that the
3  issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if
4  jurisdiction is not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir.1978). The
5  rationale of <u>Hayward</u> applies with equal force to a certificate of appealability.  <u>Parsons v. Carey</u>,
6  2006 WL 3087067 (E.D.Cal. 2006); <u>Rios v. Warden of CSP-SAC</u>, 2006 WL 1068817 (E.D.Cal.
7  2006).
8       Accordingly, the court finds that Petitioner has not made the required substantial showing
9  of the denial of a constitutional right.  Accordingly, the court DECLINES to issue a certificate of
10 appealability.

12 IT IS SO ORDERED.
13 **Dated:    March 16, 2007**                          /s/ Anthony W. Ishii
   0m8i78                                  UNITED STATES DISTRICT JUDGE